**GERMANN BROS. MOTOR TRANSPORTA-TION, INC., et al., Appellants,**

**v.**

**Howard FLORA et al., Appellees.**

Court of Appeals of Kentucky.

April 17, 1959.

Robert H. Kinker, Frankfort, for appellants.

Rudy Yessin, George L. Willis, III, Frankfort, for appellees.

CLAY, Commissioner.

This is an appeal from a judgment confirming an order of the Department of Motor Transportation granting an intrastate motor common carrier certificate to appellee Flora. The area of proposed new service involves routes from Maysville to Flemingsburg and Maysville to Fairview, and intermediate points, which are now served by protestants Germann Brothers and Cumberland.

The Department found that the present service was inadequate, and determined that it could not consider the adverse economic effect upon existing carriers in the light of available freight to be handled in the territory. Appellants contend there was no substantial evidence to support the first finding, and the Department erroneously failed to consider the economic aspects of permitting a third carrier to operate in the territory.

On the issue of adequate service, five witnesses testified for the applicant Flora. Two were from Flemingsburg,

which is the only sizeable town in the territory, having a population of 2,500. The City lost its railroad service a year before the evidence was heard, and Mr. Berry, a representative citizen, stated "I am here to talk for the town, and I don't think our freight service is good in there." This witness did not testify to specific instances of inadequate service that could be attributable to appellants. The other witness from Flemingsburg testified he needed special service to his quarry, but he could not give a specific example of inadequate service by Germann Brothers and had not sought service by Cumberland.

Two other witnesses testified they could use better service in their small communities, but they had not sought to avail themselves of services by Cumberland.

The other witness was from Elizaville and appellants concede they do not furnish any service there.

On behalf of the appellants, substantial evidence was introduced that the present carriers operating in this territory had ample facilities to handle all business therein, no complaints had been received from shippers or receivers, and the service was adequate. The Department refused to consider appellants' evidence with respect to the amount of freight available in this area and the economic effect of a new competitor upon the existing carriers.

We are of the opinion that the principles announced and followed in the case of Eck Miller Transfer Co. v. Armes, Ky., 269 S.W.2d 287, control the disposition of this controversy. Therein we pointed out that a new carrier who wishes to invade a territory being served by other carriers must offer some proof of the inability of the existing carriers to render the service required and must make a real showing of a substantial inadequacy of the existing service. The applicants' proof was clearly insufficient on these issues. We also think the Department erroneously failed to consider the available freight in the territory and the economic aspects of additional service by either the existing carriers or an additional carrier.

It is our conclusion that the findings of fact of the Department are not supported by substantial evidence, and the order is not in conformity with the provisions of KRS Chapter 281.

The judgment is reversed with directions to set aside the order of the Department and remand the case with directions to deny appellees' application.